IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-329-D

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>KARL ANTHONY BUTLER, )<br>)<br>Defendant. )<br>) | **ORDER** |

On March 17, 2014, Karl Anthony Butler ("Butler") filed an "application for writ of habeas corpus . . . to overturn gun conviction." See [D.E. 47]. On May 27, 2014, Butler moved for summary judgment. See [D.E. 48]. On July 22, 2014, at the court's direction [D.E. 50], the government filed a response to Butler's motions. See [D.E. 52].

On January 9, 2012, Butler pleaded guilty, pursuant to a written plea agreement [D.E. 27], to one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. See [D.E. 1, 26]. In his plea agreement, Butler agreed "[t]o waive . . . all rights . . . to appeal whatever sentence is imposed," with limited exceptions. See [D.E. 27] ¶ 2.c.

On May 1, 2012, the court designated Butler an armed career criminal, pursuant to 18 U.S.C. § 924(e), upwardly departed from the sentencing guidelines based on Butler's extensive criminal history, granted a motion by the government for a downward departure based on Butler's substantial assistance, and sentenced Butler to 240 months' imprisonment and 5 years' supervised release [D.E. 35–36]. Butler appealed both his designation as an armed career criminal and the court's calculation of his advisory guideline range. On January 8, 2013, the United States Court of Appeals for the Fourth Circuit affirmed. See United States v. Butler, 505 F. App'x 229, 231 (4th Cir. 2013) (per

curiam) (unpublished).

In his motions, Butler contends that he is "legally innocent" of being an armed career criminal based on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and requests "immediate release." See [D.E. 47] 1–2; [D.E. 49] 1–3. Thus, Butler seeks to challenge his conviction and sentence. To do so, Butler must file a motion pursuant to 28 U.S.C. § 2255. Cf. Gov't Resp. [D.E. 52] 2–4. The court may convert Butler's motions into a section 2255 petition if Butler consents. See Castro v. United States, 540 U.S. 375, 377 (2003). However, a "court cannot . . . recharacterize a pro se litigant's motion as the litigant's first [section] 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent [section] 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." Id. (emphasis omitted); see United States v. Blackstock, 513 F.3d 128, 134–35 (4th Cir. 2008).

Having concluded that Butler's motions should be converted into a section 2255 motion, the court gives Butler until September 5, 2014, to express his consent to the conversion or to withdraw or amend his petition. See Castro, 540 U.S. at 383. The court also informs Butler that second or successive motions under section 2255 generally are prohibited, and would have to be certified by a panel of the appropriate court of appeals under limited circumstances. See 28 U.S.C. § 2255(h). Certification for second or successive motions to vacate rarely is granted. Finally, the court informs Butler that the Antiterrorism and Effective Death Penalty Act provides that section 2255 motions have a one-year limitation period. See id. § 2255(f).

If Butler fails to respond to this order, the court will not recharacterize the motions as arising under section 2255. Instead, on September 12, 2014, all pending motions will be denied without

2

prejudice without further order of the court.

SO ORDERED. This _16_ day of August 2014.

                                          JAMES C. DEVER III
                                        Chief United States District Judge