IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-329-D

| UNITED STATES OF AMERICA | ) |  |
|---|---|---|
|  | ) |  |
| v. | ) | **ORDER** |
|  | ) |  |
| KARL ANTHONY BUTLER, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

On March 17, 2014, Karl Anthony Butler ("Butler") filed a motion entitled "application for writ of habeas corpus seeking court to overturn gun conviction" [D.E. 47]. On May 27, 2014, Butler moved for summary judgment [D.E. 48]. On July 22, 2014, the government asked the court to construe Butler's motions as a single motion arising under 28 U.S.C. § 2255, or, alternatively, to dismiss Butler's motions [D.E. 52]. On August 16, 2014, the court ordered Butler to inform the court whether he consented to the court's construing his motions as a section 2255 motion [D.E. 53]. On September 15, 2014, Butler agreed that his motions should be construed as a section 2255 motion, and provided additional argument in support of his motions [D.E. 54]. As explained below, the court construes Butler's motions as arising under section 2255, and dismisses the motions.

On January 9, 2012, Butler pleaded guilty, pursuant to a written plea agreement [D.E. 27], to one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. See [D.E. 1, 26]; Arraignment Tr. [D.E. 41] 13–14. On May 1, 2012, at Butler's sentencing hearing, the court designated Butler an armed career criminal pursuant to 18 U.S.C. § 924(e), upwardly departed from the sentencing guidelines under U.S.S.G. § 4A1.3, granted a motion by the government for a downward departure based on Butler's substantial assistance, and sentenced Butler

to 240 months' imprisonment and 5 years' supervised release. See [D.E. 32, 35, 36]; Sentencing Tr. [D.E. 42] 15–20, 25–32. Butler appealed both his designation as an armed career criminal and the court's calculation of his advisory guideline range. On January 8, 2013, the United States Court of Appeals for the Fourth Circuit affirmed. See United States v. Butler, 505 F. App'x 229, 231 (4th Cir. 2013) (per curiam) (unpublished).

In his motions, Butler contends that he is "legally innocent" of being an armed career criminal based on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and Descamps v. United States, 133 S. Ct. 2276 (2013), and requests "immediate release." See [D.E. 47] 1–2; [D.E. 49] 1–3; [D.E. 54] 3–5.[1] In response, the government contends that the appellate waiver in Butler's plea agreement bars his attempt to collaterally attack his conviction and sentence. See [D.E. 52] 3–4.

In his plea agreement, Butler agreed "to waive all rights to contest [his] conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [him] at the time of [his] guilty plea." Plea Agreement [D.E. 27] ¶ 2.c. Such a waiver is enforceable "to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

To be valid, an appeal waiver within a plea agreement must be made knowingly, intelligently, and voluntarily. See, e.g., United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012)

---

[1] Butler also cites Whiteside v. United States, 748 F.3d 541 (4th Cir. 2014), but Whiteside was vacated on July 10, 2014, when the Fourth Circuit granted rehearing en banc. Whiteside v. United States, No. 13-7152, 2014 WL 3377981 (4th Cir. July 10, 2014) (per curiam) (unpublished); see 4th Cir. R. 35(c); Richmond Med. Ctr. for Women v. Herring, 570 F.3d 165, 168 (4th Cir. 2009) (en banc).

2

(per curiam); Blick, 408 F.3d at 169. "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); see United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013). At his Rule 11 hearing, Butler affirmed that he had read and discussed his plea agreement with his lawyer and, after hearing the court read his waiver aloud, affirmed that he understood the rights he was renouncing through the waiver. See Arraignment Tr. [D.E. 41] 9–11. Thus, Butler's waiver was valid. Furthermore, the issues Butler raises in his section 2255 motion fall within the scope of his waiver. In his waiver, Butler reserved only the right to raise claims of ineffective assistance of counsel or prosecutorial misconduct. Butler's claim regarding his status as an armed career criminal falls into neither category. See, e.g., Copeland, 707 F.3d at 529–30. Thus, the court enforces the waiver and dismisses Butler's section 2255 motion.

Alternatively, Butler's claims fail on the merits. In analyzing a motion to dismiss under Rule 12(b)(6), a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

3

Descamps does not apply retroactively on collateral review. Wilson v. Warden, No. 13-11560, 2014 WL 4345685, *3 (11th Cir. Sept. 3, 2014) (per curiam) (unpublished); Baker v. Chapa, No. 14-50243, 2014 WL 4100712, *1 (5th Cir. Aug. 21, 2014) (per curiam) (unpublished); United States v. Montes, No. 14-2015, 2014 WL 3032185, at *1 (10th Cir. July 7, 2014) (unpublished); Whittaker v. Chandler, No. 13-11280, 2014 WL 2940449, at *1 (5th Cir. July 1, 2014) (per curiam) (unpublished); Glover v. Fox, 550 F. App'x 592, 593–96 (10th Cir. 2013) (unpublished); United States v. Mitchell, Nos. 3:03cr57/LC/CJK, 3:14cv313/LC/CJK, 2014 WL 3720582, at *2 n.3 (N.D. Fla. July 28, 2014) (unpublished) (collecting cases). Even if Descamps did apply retroactively, neither Descamps nor Simmons help Butler, because under those cases, Butler remains an armed career criminal. See Presentence Investigation Report [D.E. 29] ¶¶ 11, 12, 14, 17, 18 (describing Butler's five prior common-law robbery convictions); United States v. Williams, No. 13-4265, 2014 WL 2937094, at *1 (4th Cir. July 1, 2014) (per curiam) (unpublished) (holding that, even after Simmons, a common-law robbery conviction in North Carolina qualifies as a violent felony under the Armed Career Criminal Act); United States v. Robinson, 471 F. App'x 118, 119 (4th Cir. 2012) (per curiam) (unpublished). Accordingly, the court dismisses Butler's section 2255 motion.

After reviewing the claims presented in Butler's motion, the court determines that reasonable jurists would not find the court's treatment of any of Butler's claims debatable or wrong, and that none deserve encouragement to proceed any further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c).

In sum, the court DISMISSES Butler's section 2255 motion [D.E. 47, 54], DISMISSES Butler's motion for summary judgment [D.E. 48], and DENIES a certificate of appealability. The court also DISMISSES as moot Butler's motion for extension of time to file a response to the court's

4

order of August 16, 2014 [D.E. 55], because Butler filed such a response on the same day he filed the motion. The clerk shall close the case.

SO ORDERED. This 16 day of October 2014.

                                                  JAMES C. DEVER III
                                                  Chief United States District Judge